## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SCOTT BARNES                  *
444 Miller Street               *
Winchester, Virginia 22601      *
                                      *
      PLAINTIFF,             *
                                      *
   v.                                  *  Case No.:
                                      *
HOUSECRAFT, LLC            *
5411 Berwyn Road, Suite 102     *
Berwyn Heights, Maryland 20740   *
                                      *
SERVE:      National Registered Agents, Inc.   *
              1015 15th Street, NW               *
              Suite 1000                         *
              Washington, DC 20005            *
                                      *
And                                     *
                                      *
STAS WRONKA                *
5411 Berwyn Road, Suite 102     *
Berwyn Heights, Maryland 20740   *
                                      *
      DEFENDANTS.           *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

      Plaintiff Scott Barnes ("Plaintiff"), by and through undersigned counsel, hereby

submits his Complaint against Defendants Housecraft, LLC ("Housecraft") and Stas Wronka

("Wronka") (together, "Defendants') to recover unpaid wages and statutory damages under the

Federal Fair Labor Standards Act ("FLSA"), the D.C. Minimum Wage Act Revision Act of

1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"); and the D.C. Wage Payment and Wage

Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"), and for other damages as set forth

below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Commonwealth of Virginia.  At all times relevant to this action, Plaintiff performed a substantial portion of his work duties for Defendants in the District of Columbia.  By acting as the named Plaintiff herein, Plaintiff hereby affirms his consent to participate as a Plaintiff in a case under the FLSA and for other statutory relief and common law relief set forth herein.

2.      Housecraft is a limited liability company formed under the laws of the State of Maryland with its principal place of business located in the State of Maryland.  At all times relevant to this action, Housecraft continuously performed substantial business operations in the District of Columbia.  At all times relevant, Housecraft was Plaintiff's "employer" for all causes of action herein alleged.

3.      At all times, Wronka was the primary and managing member and owner of Housecraft.  At all times, Wronka was Plaintiff's most senior supervisor and manager.  At all times, Wronka was in charge of the day-to-day operations of Housecraft.  At all times, Wronka set and determined Plaintiff's schedule and work hours.  At all times, Wronka set and determined Plaintiff's rate and method of pay.  At all times relevant, Wronka was Plaintiff's "employer" for all causes of action herein alleged.

4.      At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

5.      At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

2

6.      At all times, Plaintiff and other individuals working for Defendants were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

7.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).   Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

8.      Plaintiff was employed by Defendants to perform construction related job duties for Defendants at the property:  76 Kalorama Circle, NW Washington, DC (and briefly at two other Northwest Washington, D.C. properties) from about June 2014 through about May 4, 2015 (about 48 weeks).

9.      At all times, Defendants paid Plaintiff as an hourly employee.

10.      While employed, Plaintiff regularly and customarily worked overtime in excess of forty (40) hours per week.

11.      While employed, Plaintiff's exact hours varied slightly from work-week to work-week.

12.      Across his entire period of employ, Plaintiff worked an average of about forty-five (45) to fifty (50) hours per week.

13.      At no time did Defendants ever pay Plaintiff at the Federal and District of Columbia required overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

14.     At all times, Defendants violated Federal and District of Columbia law by paying Plaintiff at his regular rate of pay for all hours worked including overtime hours worked per week in excess of forty (40).

15.     Further, without excuse or justification, Defendant failed and refused to pay Plaintiff earned wages (and reimbursement) for work duties performed between April 12, 2015 and May 4, 2015 in the amount of $4,118.00.

16.     Although Defendants titled Plaintiff as an independent contractor, at all times, Plaintiff was in legal fact an employee and was never an independent contractor.

17.     At all times, Defendant set and determined Plaintiff's rate and method of pay.

18.     At all times, Defendants set and decided Plaintiff's schedule and directed Plaintiff as to which clients to service and what locations to work and what hours to work.

19.     At all times, Defendants had the ability to discipline Plaintiff, fire Plaintiff, adjust Plaintiff's schedule, and adjust Plaintiff's rate of pay.

20.     At all times, Defendants supervised Plaintiff's work duties to ensure Plaintiff's job performance was of sufficient quality.

21.     At all times Defendants set Plaintiff's schedule, so Plaintiff could not make any more money by working additional jobs outside the limitations set by Defendants.

22.     At all times, Plaintiff's pay and opportunity for wages was limited to the pay rate, pay method, and schedule were set by Defendants.

23.     At no time was Plaintiff able to make more money or enjoy greater financial benefits if Defendants operated successfully and/or realized increased or additional profits.

24.     At no time did Plaintiff make a financial investment in Defendants (the company) or in any equipment belonging to Defendants.

25.     At all times, Plaintiff's compensation was wholly dependent on his pay rate and method and schedule, which were determined and controlled solely by Defendants.

26.     At all times, Plaintiff's only opportunity to earn additional wages was dependant on Defendants' decision whether to add additional hours to Plaintiff's schedule.

27.     At all times, Plaintiff's job duties were limited to providing construction services for Defendant's clients on Defendant's jobs.

28.     At all times, Plaintiff was wholly dependent on Defendant to provide the necessary materials and facilities to perform his job duties.

29.     At all times, Plaintiff's ability to earn wages dependant on Defendant's financial savvy and business know-how so as to keep Defendant's business financially sound so as to afford Plaintiff continued employment with Defendant.

30.     At all times, Plaintiff was an at-will employee for an open-ended employment term and did in fact work exclusively for Defendant for a period of about one year.

31.     At all times, Defendant was the only company for whom Plaintiff performed work duties for money.

32.     At all times, Defendant paid Plaintiff earned wages on a regular set schedule and not on an *ad hoc* basis.

33.     An evaluation of the economic realities of Plaintiff's work relationship with Defendants evince that Plaintiff was at all times an employee and was never an independent contractor.

34.     In that Plaintiff was at all times an employee, Plaintiff was entitled to receive wages in the amounts and as required by Federal and District of Columbia law and is entitled to damages under Federal and District of Columbia law for Defendants' failure to pay wages.

34.     In addition to the unpaid wages, Plaintiff has a valid claim against Defendant under 26 U.S.C. § 7434.

35.     This statute provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To state a claim for relief under 26 U.S.C. § 7434, Plaintiff must allege facts to prove (1) that Defendants issued an information return; (2) that the information return was fraudulent; and (3) that Defendants willfully issued a fraudulent information return.

36.     Plaintiff satisfies the first element of this claim because Defendants issued Plaintiff an IRS Form W-9 (for contractors) rather than the proper IRS Form W-2 (for employees).

37.     Issuing an IRS Form W-2 or 1099 constitutes issuing an information return.

38.     The second and third elements govern the proof of the intent of Defendants' statutory violation.

39.     To be actionable, Defendants' filing of the false return was not an error, but rather an "intentional wrongdoing."

40.     Here, Defendants knew that Plaintiff was at all times an employee who was misclassified as a contractor.

41.     At all times, Defendants knew that Defendants should have issued Plaintiff an IRS Form W-2 rather than a IRS Form 1099.

42.     Defendants misclassified Plaintiff and then issued him a 1099 rather than a W-2 because doing so saved Defendants substantial FICA and related payroll taxes - - passing these taxes and costs to Plaintiff.

43.     Plaintiff suffered an additional unfair and unlawful tax liability of at or about ten thousand dollars ($10,000.00) arising out of Defendants' misclassification of Plaintiff as a contractor and issuing him an IRS Form 1099 rather than the proper W-2.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

44.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

45.     The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

46.     At all times, Plaintiff was an "employee" covered by the FLSA, and Defendants were Plaintiff's "employers" under the FLSA.

47.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked at the overtime rate equal to  the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

48.     Plaintiff worked overtime hours in excess of forty (40) hours per week while in Defendants' employ and Defendants had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

49.     At no time during Plaintiff's employment was Plaintiff paid by Defendants for overtime hours worked per week in excess of forty (40) at the overtime rate required by the FLSA.

50.     At all times, Defendants had actual knowledge that Plaintiff was an employee and not a contractor, should have been paid at the FLSA required overtime rate, and that the rate and method of Plaintiff's overtime compensation was in direct violation of the FLSA.

51.     Plaintiff is entitled to, and is owed, overtime pay for hours worked per week in excess of forty (40).

52.     Defendants' failure to pay compensation as required by the FLSA was knowing, willful and intentional, and not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

53.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

54.     Plaintiff was an "employee" and both Defendants were Plaintiff's "employers" within the meaning of the DCMWA.

55.     Pursuant to the DCMWA, Defendant, as Plaintiff's employer, were obligated to compensate Plaintiff for overtime hours worked at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

56.     Plaintiff worked overtime hours substantially (more than 50%) in the District of Columbia in excess of forty (40) hours per week while in Defendants' employ and Defendants had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

57.     At no time during Plaintiff's employment did Defendants pay Plaintiff for overtime hours worked each week in excess of forty (40) at the rate required by the DCMWA.

58.     Plaintiff is entitled to, and is owed, overtime pay for hours worked per week in excess of forty (40).

59.     At all times, Defendants had actual knowledge that Plaintiff was an employee and not a contractor, should have been paid at the District of Columbia required overtime rate, and that the rate and method of Plaintiff's overtime compensation was in direct violation of the DCMWA.

60.     Defendant's failure and refusal to pay compensation as required by the DCMWA was knowing, willful and intentional, and not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

61.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

62.     Plaintiff was an "employee" and both Defendants were Plaintiff's "employers" within the meaning of the DCWPA.

63.     Under the DCWPA, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff all wages owed for work that Plaintiff performed.

64.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

65.     Plaintiff worked many hours for Defendants in the District of Columbia (more than 50% of work duties) for which Defendants failed to pay Plaintiff all wages earned, contractually guaranteed, and federally required for job duties performed on time when wages were due or at or before the end of Plaintiff's employment with Defendants.

66.     Defendants owe Plaintiff back wages equal to the difference between the rate Defendants paid Plaintiff for hours worked and the contractually guaranteed and federally and District of Columbia required rates Plaintiff was promised, guaranteed, legally entitled to, and agreed to under the DCWPA.

67.     Defendants' failure to pay Plaintiff all wages promised, guaranteed, legally entitled to, and agreed on time or at or before the end of Plaintiff's employment with Defendants as required by the DCWPA was knowing, willful and intentional, was not the

result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT IV**
**BREACH OF CONTRACT**

68.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

69.     As set forth above, Plaintiff and Housecraft entered into a valid and fully enforceable contract for the performance of personal services and construction related duties in the District of Columbia.

70.     Pursuant to the agreement, Housecraft had a contractual obligation to pay Plaintiff a set hourly rate for all duties performed and reimburse Plaintiff for all expenses incurred.

71.     Despite a contractual obligation to do so, Housecraft failed and refused to pay Plaintiff earned wages (and reimbursement) for work duties performed between April 12, 2015 and May 4, 2015 in the amount of $4,118.00.

72.     Housecraft's failure and refusal to pay Plaintiff earned wages and reimbursement due and owing for services rendered as mutually agreed to by the parties constitutes a material breach of the agreement by Housecraft for which Plaintiff has suffered damages for which Housecraft is liable.

WHEREFORE, Plaintiff demands judgment against Housecraft under Count IV

for contract damages in the amount of $4,118.00 or such other amount as is proven at trial, plus interest (both pre- and post-judgment), the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT V
### QUANTUM MERUIT

73.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

74.     If it is determined that Plaintiff and Housecraft did not enter into a valid or enforceable contract for the performance of personal services and construction related duties in the District of Columbia, Plaintiff did in fact perform personal services and construction related duties and forwarded the cost of business supplies for Housecraft in the District of Columbia.

75.     Housecraft enjoyed a substantial benefit arising out of Plaintiff's performance of personal services and construction related duties and forwarding the costs of business supplies for Housecraft in the District of Columbia.

76.     Without excuse or justification, Housecraft failed and refused to compensate or reimburse Plaintiff for services rendered and money advanced for its benefit.

77.     It would be inequitable to allow Housecraft to enjoy and benefit from Plaintiff's services rendered and money advanced without requiring Housecraft to pay reasonable compensation and reimbursement therefor.

WHEREFORE, Plaintiff demands judgment against Housecraft under Count IV for damages in the amount of $4,118.00 or such other amount as is proven at trial, plus interest (both pre- and post-judgment), the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT VI
### Violation of 26 U.S.C § 7434
### (Private Right of Action)

78.     Plaintiff re-alleges and re-affirms each paragraph as set forth above as if each paragraph were set forth herein.

79. USC § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

80.     To establish a claim under 26 U.S.C. § 7434, Plaintiff must prove (1) that Defendant issued Plaintiff an information return; (2) that the information return was fraudulent; and (3) that Defendant willfully issued a fraudulent information return. *See Pitcher v. Waldman*, 2012 WL 5269060, at * 4 (S. D. Ohio 2012).

81.     For at least the 2014 tax year, Housecraft issued Plaintiff an IRS Form 1099 tax information return rather than the proper W-2 tax form information return.

82.     At all times, Housecraft had actual knowledge that Plaintiff was an employee and was never an independent contractor.

83.     At all times, Housecraft had actual knowledge that Housecraft should have issued Plaintiff an IRS information return W-2 (for employees) rather than an IRS information return 1099 (for contractors or non-employees).

84.     An IRS Form W-2 (1) with the correct notation and calculation of Plaintiff's actual wages and (2) with the correct notation and calculation of withholdings for Plaintiff is and was the appropriate and legally correct tax form that should have been issued by Housecraft to Plaintiff.

85.     At all times, Housecraft had actual knowledge that a IRS Form W-2 (1) with the correct notation and calculation of Plaintiff's actual wages and (2) with the correct notation and calculation of withholdings for Plaintiff is and was the appropriate and legally correct yearly tax form that should have been issued by Housecraft to Plaintiff.

86.     Housecraft acted willfully and fraudulently to purposely issue the incorrect and legally inappropriate IRS Form 1099 to Plaintiff rather than the correct and legally appropriate IRS Form W-2 to Plaintiff.

87.     Housecraft acted willfully to issue an incorrect and inappropriate IRS information return to Plaintiff so (1) to avoid paying the employer share of FICA and related employer tax withholdings; and (2) to reduce overhead and gain an unfair competitive advantage against industry competitors that adhere to their employer related tax obligations.

        WHEREFORE, Defendant is liable to Plaintiff under Count VI in the actual damages incurred or statutory damages in the amount of $5,000.00 for each fraudulent information return (whichever is higher), plus reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

                                        Respectfully submitted,


                                        Gregg C. Greenberg, Bar No. MD17291
                                        Zipin, Amster & Greenberg, LLC
                                        836 Bonifant Street
                                        Silver Spring, Maryland 20910
                                        Phone: 301-587-9373
                                        Fax: 301-587-9397
                                        Email: ggreenberg@zagfirm.com

                                        *Counsel for Plaintiff*